## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

James G. Mermigis, Esq.
**THE MERMIGIS LAW GROUP, P.C.**
85 Cold Spring Road, Suite 200
Syosset, New York  11791
516-353-0075
James@MermigisLaw.com

*Attorneys for Plaintiff*

---

**CARON DAVIS,**

                         Plaintiff,

                  **Amended**
                  **COMPLAINT**

Against

                  Civil Action No.: 1:24-cv-3745

**NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION d/b/a NEW YORK CITY
HEALTH + HOSPITALS,**

                  **DEMAND FOR
                  JURY TRIAL**

                     Defendant.

---

      Plaintiff, Caron Davis, by her attorneys, The Mermigis Law Group, P.C., upon

information and belief, complains as follows:

      1.      Plaintiff, brings this Complaint against Defendant New York City Health and

Hospitals Corporation d/b/a New York City Health + Hospitals, (Collectively, hereinafter the

"Defendant" or "NYCHH").

      2.      This case involves a violation of legal protections for religious freedom and

accommodation in the workplace. Defendant failed to accommodate Plaintiff's sincerely held

1

religious beliefs and terminated Plaintiff's employment. Plaintiff worked remotely for one full year prior to her termination and could have easily been accommodated. According to the binding authority of the Second Circuit, "Section 2.61, on its face, does not bar an employer from providing an employee a reasonable accommodation." *We The Patriots USA, Inc. v. Hochul*, No. 21-2179 (2d Cir. 2021).

3.      Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, broadly forbids employers from terminating Plaintiff's employment because of Plaintiff's religious beliefs. What's more, in the face of a conflict between those beliefs and a job requirement, those laws also require the employer to accommodate the employee's beliefs absent proof of substantial undue hardship. Undue hardship is shown when a burden is "***substantial***" in the overall context of an employer's business. See *Groff v. DeJoy*, Supreme Court of the United States, No. 22-174, Decided June 29, 2023.

**PARTIES**

4.      Plaintiff, **CARON DAVIS**, was employed as a Coordinating Manager and was employed by Defendant for over sixteen years. Plaintiff did NOT work in a Hospital, therefore Plaintiff was not a covered employee under Rule 2.61. Plaintiff worked in an office building prior to Covid-19 but was working remotely when Plaintiff was terminated. Plaintiff was terminated by Defendant on November 29, 2021 (Right after Thanksgiving) and was subsequently denied unemployment benefits. At all relevant times, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000e.

5. Plaintiff's sincerely held religious beliefs as a Rastafarian required her to refuse the covid-19 vaccines as well as all other vaccines.

6. Defendant did not question the sincerity of Plaintiff's religious beliefs.

7. Plaintiff was never offered an accommodation for her sincerely held religious beliefs. Plaintiff was working remotely when she was terminated and was capable of working her job functions remotely. Plaintiff did not have to go to her office. Plaintiff was provided with a H&H issued laptop, iPad and cell phone to work remotely. Plaintiff NEVER worked near patients.

8. Defendant could have accommodated Plaintiff with a 5-day remote work schedule. Plaintiff participated in meetings via zoom or Defendant's teleconference line.

9. The quality of Plaintiff's work remained consistent while working remotely and there were no complaints of poor performance during this time (or in any previous years while working at H & H). Plaintiff continued to receive accolades for her continued great work and promotions.

10. Defendant never engaged in any meaningful dialogue with Plaintiff regarding an Accommodation for Plaintiff's sincere beliefs. Plaintiff resides in the State of New York and is over the age of 18 years old.

11. That at all times herein mentioned, the Defendant NEW YORK CITY HEALTH AND HOSPITALS CORPORATION d/b/a NYC HEALTH + HOSPITALS was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. At all relevant times, Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal-question jurisdiction).

13.    Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant maintains a principal place of business within this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.    All conditions precedent to filing claims under Title VII have been performed or have occurred. In particular, Plaintiff filed a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC); and the EEOC issued a right-to-sue notice on April 15, 2024. (See Notice attached as Complaint, Exhibit A).

15.    This case is brought within 90 days of receipt of the EEOC notice.

16.    Plaintiff has fully exhausted his administrative remedies and is entitled to file in the district court. This Complaint is filed within the appropriate time.

## STATEMENT OF FACTS

17.    Defendant implemented a mandatory covid-19 vaccination policy effective September 27, 2021.

18.    Plaintiff applied for a religious accommodation on September 15, 2021 to the covid-19 mandate. (Request for Religious Accommodation attached as Exhibit B, Complaint).

On November 4, 2021, the Second Circuit held that healthcare workers were not entitled to a religious *exemption* under the law, but clarified that **"the Rule does not prohibit employers from providing religious objectors with *accommodations"*.** *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 275 (2d Cir) (emphasis added). Plaintiff could have been accommodated because Plaintiff worked remotely and was performing the essential duties of her job while working remote.

19.     Plaintiff, employed as a Coordinating Manager, was NEVER near patients and worked in an office building. Plaintiff DID NOT work in a Hospital. Plaintiff worked remotely for a year leading up to her termination. Plaintiff could have been accommodated and was capable of performing the essential functions of her job through remote work or weekly testing but Defendant failed to accommodate Plaintiff.

20.     Defendant had already provided an accommodation for over a year by providing Plaintiff company-issued devices. The office practiced electronic filing and laptops were connected to the H & H server. Zoom accounts were used for meetings and there was also a teleconferencing line used by remote H & H employees.

21.      Even though Defendant did not dispute that Plaintiff had a sincerely held religious belief preventing her from becoming vaccinated against COVID-19 vaccine, Plaintiff's request for an accommodation was quickly denied.

22.     The only offer of "accommodation" that Plaintiff received was that if she got the vaccine, Plaintiff could return to work. Plaintiff could have been accommodated by continuing to work remotely.

23.    That was the only dialogue Plaintiff had with Defendant. If the Defendant genuinely intended to comply with its legal obligations, Defendant would have engaged in a meaningful dialogue with Plaintiff.

24.    At no point did Defendant engage in any sort of interactive process with Plaintiff or to determine whether Defendant could reasonably accommodate Plaintiff's sincerely held religious belief that Plaintiff could not receive the COVID-19 vaccine.

25.    On August 5, 2021, CDC Director Dr. Rochelle Walensky told CNN's Wolf Blitzer that the Covid-19 vaccine cannot prevent the transmission of the disease. https://www.thegatewaypundit.com/2021/08/cdc-director-tells-cnn-covid-vaccines-cant-prevent-transmission-video/

26.    Plaintiff is and was capable of fulfilling its job obligations with an accommodation. Plaintiff had successfully worked with a remote accommodation for over a year prior to termination.

27.    Plaintiff could have performed her work remotely. Other employees that worked with Plaintiff continued to work remotely.

28.    Defendant could have provided an accommodation that would not pose a substantial undue hardship for Defendant.

29.    Defendant did not question the the sincerity of Plaintiff's religious objection.

30.    Instead of providing an accommodation, Defendant decided to terminate Plaintiff after over sixteen years of loyal employment on November 29, 2021. (See Termination Letter attached hereto as Exhibit C, Complaint).

## FIRST CLAIM FOR RELIEF
### Violation of Title VII of the Civil Rights Act of 1964
### Disparate Treatment/Failure to Accommodate on the Basis of Religion (42 U.S.C. § 2000e, et seq.) against Defendants

31.     Title VII forbids an employer from refusing a job to someone because of her need for religious accommodation, absent proof that granting the accommodation would cause it substantial undue hardship. 42 U.S.C. §§ 2000e(j), 2000e-2(a)(1); *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 774 (2015).

32.     This extension of actionable religious discrimination to include a failure to accommodate derives from Title VII's definition of "religion" to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

33.     A plaintiff can therefore make out a prima facie case under Title VII by showing (1) she held a bona fide religious belief, the practice of which conflicted with an employment duty; (2) the employer took adverse action—including termination—because of the plaintiff's inability to fulfill the job requirement; and (3) the plaintiff's religious practice was a motivating factor in the employer's decision. Chin et al., Cal. Prac. Guide: Employment Litigation (The Rutter Group 2019) 15 ¶ 7:620; see also *Abercrombie & Fitch,* 575 U.S. at 775.

34.     In response to Plaintiff's request for an accommodation, the Defendants took an adverse action against Plaintiff by terminating Plaintiff's employment because of her religious

need for an accommodation. See 42 U.S.C. § 2000e-2(a)(1) (actionable adverse actions include "fail[ing] or refus[ing] to hire," "discharg[ing]," or otherwise discriminating with respect to the "terms" and "conditions" of employment).

35.    Defendant made no efforts at all to accommodate Plaintiff's sincerely held religious objection and/or conflict to the covid-19 vaccination and then terminated Plaintiff's job of over 16 years because of that conflict. Its failure to produce any alternative therefore requires it to have accepted Plaintiff's proposal absent substantial undue hardship.

36.    Accommodating Plaintiff would not have imposed a substantial undue hardship on Defendant. Plaintiff could have performed her job remotely as other employees were allowed to work remotely. Plaintiff could have continued working remotely as Plaintiff had been working remotely for over a year prior to her wrongful termination.

37.    As a result of the Defendant's violations of Title VII and failure to accommodate, Plaintiff suffered lost income and other economic and non-economic damages.

**SECOND CLAIM FOR RELIEF**
**(Failure to Accommodate in Violation of the NYSHRL)**

38.    Plaintiff reincorporates the foregoing as if fully written herein.

39.    At all relevant times, the NYSHRL has been in full force and effect and has applied to Defendant's conduct.

40.    The NYSHRL provides:

It shall be an unlawful discriminatory practice for any employer, or an employee or agent thereof, to impose upon a person as a condition of obtaining or retaining employment, including opportunities for promotion, advancement or transfers, any terms or conditions that would require such person to violate or forego a sincerely held practice of his or her religion, including but not limited to the observance of any particular day or days or any portion thereof as a sabbath or other holy day in accordance with the requirements of his or her religion or the wearing of any

attire, clothing, or facial hair in accordance with the requirements of his or her religion, unless, after engaging in a bona fide effort, the employer demonstrates that it is unable to reasonably accommodate the employee's or prospective employee's sincerely held religious observance or practice without undue hardship on the conduct of the employer's business.

N.Y. Executive Law § 296(10)(a).

41.     "Undue hardship" is defined as "an accommodation requiring significant expense or difficulty (including significant interference with the safe or efficient operation of the workplace...)." N.Y. Executive Law § 296(10)(d).

42.     If the undue hardship is alleged based on a safety concern, "the employer must make an individualized assessment, based on reasonable judgment that relies on current medical knowledge or on the best available objective information to ascertain: the nature, duration and severity of the risk; the probability that the potential injury will actually occur, and whether reasonable accommodations, such as modification of policies, practices or procedures, will mitigate the risk." 9 CRR-NY 466.11.

43.     At all relevant times, the Defendant was the employer of Plaintiff.

44.     Plaintiff has sincerely held religious beliefs which prohibit her from receiving the COVID-19 vaccines.

45.     The Defendant required Plaintiff to receive the COVID-19 vaccine to retain her employment.

46.     Plaintiff requested a reasonable accommodation to the Defendants' requirement that she receive the COVID-19 vaccination.

47.     Defendant denied Plaintiff's request for a reasonable accommodation.

48.     Defendant failed to provide Plaintiff with a reasonable accommodation for her religious observance, practice, and belief (i.e., that she is prohibited from taking the COVID-19

vaccine), which precludes her from complying with the Vaccine Mandate.

49. Plaintiff was able to perform the essential duties of her job with a reasonable accommodation.

50. Accommodating the Plaintiff would not require significant expense or difficulty from the Defendant.

51. Accommodating the Plaintiff would not significantly interfere with the safe or efficient operation of the Defendant's workplace.

52. Accommodating the Plaintiff would not require the Defendants to violate a bona fide seniority system.

53. Defendant failed to engage in any interactive process with Plaintiff regarding her accommodation request.

54. Defendant failed to engage in good faith with the Plaintiff in order to understand her need for accommodation.

55. Defendant unreasonably cut off any dialogue with the Plaintiff regarding her religious beliefs.

56. Plaintiff sufficiently articulated her sincerely held religious beliefs to the Defendant.

57. Defendant violated the NYSHRL by denying Plaintiff's request for a reasonable accommodation without first engaging in an interactive process.

58. Defendant refused to allow Plaintiff to keep her job because she could not receive the COVID-19 vaccine without violating her religious beliefs.

59.     Plaintiff was discriminated against because the Defendant failed to consider any reasonable accommodations to the Vaccine Mandate even though an obvious remote accommodation was available and already in place.

60.     As a direct and proximate result of Defendant's failure to accommodate, Plaintiff has suffered, and continues to suffer, substantial losses, including but not limited to the loss of past and future earnings, compensation and benefits, increases, promotions, bonuses, and other employment benefits, for which she is entitled to an award of monetary damages which exceeds the jurisdictional limits of all lower courts, and other relief.

61.     As a direct and proximate result of Defendant's failure to accommodate, Plaintiff has suffered, and continues to suffer anxiety, stress and depression, for which she is entitled to an award of monetary damages which exceeds the jurisdictional limits of all lower courts, and other relief.

62.     Plaintiff is thus entitled to injunctive and declaratory relief, as well as compensatory and punitive damages for the injuries and loss sustained as a result of Defendant's unlawful discriminatory conduct under the NYSHRL, in an amount which exceeds the jurisdictional limits of all lower courts.

63.     Defendant willfully violated Plaintiff's right to a reasonable accommodation.

64.     Defendant willfully violated Plaintiff's right to a cooperative dialogue.

65.     Defendant willfully violated Plaintiff's right to an interactive process.

66.     The Defendant knew that it was required under the law to engage in a good faith discussion with Plaintiff in an attempt to understand her accommodation needs. However, the Defendant did not engage in such good faith interactive process or cooperative dialogue.

67.     Defendant knew that it was legally required to engage in an interactive process but failed to engage in such process with Plaintiff regarding her request for an accommodation before summarily denying her request.

68.     Defendant violated its own employment policies and procedures by failing to engage in a cooperative dialogue with Plaintiff.

69.     Defendant violated its own employment policies and procedures by failing to engage in an interactive process with Plaintiff.

70.     Defendant violated its own employment policies and procedures by refusing to accommodate the Plaintiff.

71.     Defendant did not consider the Plaintiff's individual job duties before refusing to accommodate her.

72.     Defendant callously rejected the Plaintiff's request for accommodation displaying a blatant lack of any true consideration before hastily issuing a boilerplate denial.

73.     Defendant acted with malice.

74.     Defendant's actions amount to willful or wanton negligence.

75.     Defendant's discrimination was willful.

76.     Defendant's discrimination was reckless.

77.     Defendant consciously disregarded Plaintiff's right to a reasonable accommodation.

78.     Defendant consciously disregarded Plaintiff's right to a cooperative dialogue.

79.     Defendants consciously disregarded Plaintiff's right to an interactive process.

80.     Defendants consciously disregarded Plaintiff's right to retain her employment.

81.     Defendant's conduct was so reckless as to amount to a conscious disregard of the rights of the Plaintiff.

82.     Defendant acted with reckless indifference to Plaintiff's rights.

83.     As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to punitive damages under the NYSHRL in an amount to be determined at trial.

84.     Plaintiff is further entitled to an award of attorney's fees, expert fees, and other costs under the NYSHRL Executive Law § 297(10).

## THIRD CLAIM FOR RELIEF

**(Failure to Accommodate in Violation of the New York City Human Rights Law)**

85.     Plaintiff reincorporates the foregoing as if fully written herein.

86.     At all relevant times, the NYCHRL has been in full force and effect and has applied to Defendant's conduct.

87.     Pursuant to the NYCHRL,

*It shall be an unlawful discriminatory practice for an employer or an employee or agent thereof to impose upon a person as a condition of obtaining or retaining employment any terms or conditions, compliance with which would require such person to violate, or forego a practice of, such person's creed or religion, … and the employer shall make reasonable accommodation to the religious needs of such person.*

N.Y.C. Admin. Code § 8–107(3)(a).

88.     At all relevant times, the Defendant had the power to hire, promote, and discharge Plaintiff.

89.     Plaintiff has sincerely held religious beliefs which prohibit her from receiving the COVID-19 vaccines.

90.     The Defendant required Plaintiff to receive the COVID-19 vaccine to retain her employment.

91.     Plaintiff requested a reasonable accommodation to the Defendant's requirement that she receive the COVID-19 vaccination. Plaintiff simply requested that Plaintiff continue working with a remote accommodation.

92.     Defendant denied Plaintiff's request for a reasonable accommodation.

93.     Defendant failed to provide Plaintiff with a reasonable accommodation of her religious observance, practice, and belief (i.e., that she is prohibited from taking the COVID-19 vaccine), which precludes her from complying with the Vaccine Mandate.

94.     In 2005, the New York City Council amended the NYCHRL by passing the Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), N.Y.C. Local L. No. 85.

In amending the NYCHRL, the City Council expressed the view that the NYCHRL had been "construed too narrowly" and therefore "underscore[d] that the provisions of New York City's Human Rights Law are to be construed independently from similar or identical provisions of New York state or federal statutes." Restoration Act § 1. To bring about this change in the law, the Act established two new rules of construction. First, it created a "one-way ratchet," by which interpretations of state and federal civil rights statutes can serve only " 'as a *floor* below which the City's Human Rights law cannot fall.' " *Loeffler,* 582 F.3d at 278 (quoting Restoration Act § 1). Second, it amended the NYCHRL to require that its provisions "be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title[,] have been so construed." Restoration Act § 7 (amending N.Y.C. Admin. Code § 8–130). *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013); *see also Kerman-Mastour v. Fin. Indus. Regulatory Auth., Inc.,* 814 F. Supp.2d 355, 365-66 (S.D.N.Y. 2011) ("[T]he Second Circuit has directed the district courts to conduct an analysis of the NYCHRL claims that is separate from that undertaken for Title VII and New

York State Human Rights Law claims." (citing *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278-79 (2d Cir. 2009)).

95.     In 2011, New York City enacted the Workplace Religious Freedom Act, amending sections 8-102 and 8-107 of the NYCHRL, and adopting a stiffer standard for assessing undue hardship. The committee report accompanying this amendment stated that the City Council's intention is "to provide greater protection to workers under the City Human Rights Law than the federal, and even the State, human rights provisions provide." N.Y.C. Council, Report of Committee on Civil Rights on Proposed Int. No. 632, Aug. 16, 2011. "The standard for assessing undue hardship under the NYCHRL differs from that under federal law when considering requests for reasonable accommodation." *COVID-19 & Employment Protections*, "Vaccinations," NYC Human Rights, accessible at https://www1.nyc.gov/site/cchr/community/covid-employment.page (last updated 11/1/2021).

96.     The New York City Human Rights Law explicitly defines undue hardship: "Reasonable accommodation", as used in this subdivision, shall mean such accommodation to an employee's or prospective employee's religious observance or practice as shall not cause undue hardship in the conduct of the employer's business. The employer shall have the burden of proof to show such hardship. "Undue hardship" as used in this subdivision shall mean an accommodation requiring significant expense or difficulty (including a significant interference with the safe or efficient operation of the workplace or a violation of a bona fide seniority system).

N.Y.C. Admin. Code § 8-107(3)(b)

97. Plaintiff is and was able to perform the essential duties of her job with a reasonable accommodation of continued remote work.

98. Accommodating the Plaintiff would not require significant expense or difficulty from the Defendant because Plaintiff was already working remote.

99. Accommodating the Plaintiff would not significantly interfere with the safe or efficient operation of the Defendant's workplace.

100. Accommodating the Plaintiff would not require the Defendant to violate a bona fide seniority system.

101. Defendant could have accommodated the Plaintiff with continuing to work remotely as she had for nearly a year.

102. The NYCHRL prohibits Defendant from denying the Plaintiff's request for a reasonable accommodation until it engaged in a cooperative dialogue with the Plaintiff:

> The determination that no reasonable accommodation would enable the person requesting an accommodation to satisfy the essential requisites of a job or enjoy the right or rights in question may only be made after the parties have engaged, or the covered entity has attempted to engage, in a cooperative dialogue.

N.Y.C. Admin. Code § 8-107 (28)(e).

103. However, Defendants violated the NYCHRL by denying Plaintiff's request for a reasonable accommodation without engaging in a cooperative dialogue

104. Instead of accommodating Plaintiff's religious beliefs, Defendant terminated Plaintiff because she could not receive the COVID-19 vaccination.

105. Instead of accommodating Plaintiff's religious beliefs, Defendant placed Plaintiff on Leave because she could not receive the COVID-19 vaccination.

106. Despite working remotely for nearly a year, Plaintiff was terminated on November 29, 2021. Defendant refused to accommodate Plaintiff's religious beliefs.

107. Plaintiff sufficiently articulated and explained the religious nature of her conflict with the Vaccine Mandate.

108. Defendants cannot demonstrate that accommodating Plaintiff would cause an undue hardship.

109. As a direct and proximate result of Defendants's unlawful discriminatory practices, Plaintiff has suffered, and continues to suffer, substantial losses, including but not limited to the loss of past and future earnings, compensation and benefits, increases, promotions, bonuses, and other employment benefits, for which she is entitled to an award of monetary damages which exceeds the jurisdictional limits of all lower courts, and other relief.

110. As a direct and proximate result of Defendant's failure to accommodate, Plaintiff suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages in an amount to be determined at trial.

111. As a direct and proximate result of Defendant's failure to accommodate, Plaintiff is thus entitled to injunctive and declaratory relief, as well as compensatory damages, including pain and suffering, and punitive damages for the injuries and loss sustained as a result of Defendant's unlawful discriminatory conduct under the NYCHRL, in an amount to be determined at trial.

112. Defendant willfully violated Plaintiff's right to a reasonable accommodation.

113. Defendant willfully violated Plaintiff's right to a cooperative dialogue.

114. Defendant willfully violated Plaintiff's right to an interactive process.

115. Defendant willfully and wrongfully terminated Plaintiff despite Plaintiff working remotely.

116. Defendant knew it was acting in violation of the law.

117. The Defendant knew that it was required under the law to engage in a good faith discussion with Plaintiff in an attempt to understand her accommodation needs. However, the Defendant did not engage in such good faith interactive process or cooperative dialogue.

118. The City's FAQ on New York City Employees Vaccine Mandate recognized that "[a] sincerely held religious, moral or ethical belief may be a basis for a religious accommodation."

119. Defendant knew that it was legally required to engage in a cooperative dialogue but failed to engage in such dialogue with Plaintiff regarding her request for an accommodation before summarily denying her request.

120. Defendant knew that it was legally required to engage in an interactive process but failed to engage in such process with Plaintiff regarding her request for an accommodation before summarily denying her request.

121. Defendant violated its own employment policies and procedures by failing to engage in a cooperative dialogue with Plaintiff.

122. Defendant violated its own employment policies and procedures by failing to engage in an interactive process with Plaintiff.

123. Defendant violated its own employment policies and procedures by refusing to accommodate the Plaintiff.

124.    Defendant did not consider the Plaintiff's individual job duties before refusing to accommodate her.

125.    Defendant callously rejected the Plaintiff's request for accommodation displaying a blatant lack of any true consideration before hastily issuing a boilerplate denial.

126.    Defendant acted with malice.

127.    Defendant's actions amount to willful or wanton negligence.

128.    Defendant's discrimination was willful.

129.    Defendant's discrimination was reckless.

130.    Defendant consciously disregarded Plaintiff's right to a reasonable accommodation.

131.    Defendant consciously disregarded Plaintiff's right to a cooperative dialogue.

132.    Defendant consciously disregarded Plaintiff's right to an interactive process.

133.    Defendant consciously disregarded Plaintiff's right to retain her employment.

134.    Defendant's conduct was so reckless as to amount to a conscious disregard of the rights of the Plaintiff.

135.    Defendant acted with reckless indifference to Plaintiff's rights.

136.    As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to punitive damages under NYCHRL in an amount to be determined at trial.

137.    Plaintiff is further entitled to an award of attorney's fees, expert fees, and other costs under the NYCHRL. N.Y.C. Admin. Code §8-502(g).

## FOURTH CLAIM FOR RELIEF

### (Failure to Engage in a Cooperative Dialogue in Violation of the NYCHRL)

138.    Plaintiff reincorporates the foregoing as if fully written herein.

139.    The NYCHRL requires employers to engage in a cooperative dialogue with an employee who requests a reasonable accommodation on the basis of religion.

140.    The NYCHRL provides a separate cause of action against employers who fail to engage in a cooperative dialogue with employees, like the Plaintiff, who request a reasonable accommodation:

It shall be an unlawful discriminatory practice for an employer, labor organization or employment agency or an employee or agent thereof to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation or who the covered entity has notice may require such an accommodation:

(1) For religious needs as provided in subdivision 3 of this section.

N.Y.C. Admin. Code § 8-107 (28)(a).

141.    Defendant was obligated to engage in a cooperative dialogue with Plaintiff regarding her need for a reasonable accommodation to the Vaccine Mandate.

142.    Defendant refused to engage in any cooperative dialogue and simply denied Plaintiff's request for a reasonable accommodation.

143.    Defendant violated N.Y.C. Admin. Code § 8-107 (28)(a)(1) by failing to engage in a cooperative dialogue with the Plaintiff regarding her request for a reasonable accommodation to the Vaccine Mandate.

144.    The NYCHRL prohibits Defendant from denying the Plaintiff's request for a reasonable accommodation until it engaged in a cooperative dialogue with the Plaintiff:

The determination that no reasonable accommodation would enable the person requesting an accommodation to satisfy the essential requisites of a job or enjoy the right or rights in question may only be made after the parties have engaged, or the covered entity has attempted to engage, in a cooperative dialogue.

N.Y.C. Admin. Code § 8-107 (28)(e).

145. However, Defendant violated the NYCHRL by denying Plaintiff's request for a reasonable accommodation without first engaging in a cooperative dialogue.

146. Plaintiff sufficiently articulated sincerely held religious beliefs that conflict with the Vaccine Mandate. Plaintiff's sincerely held beliefs were undisputed.

147. Plaintiff was fully capable of satisfying the essential requisites of her job with a reasonable accommodation. Plaintiff worked remote for over a year.

148. Defendant never had any communications with Plaintiff regarding any potential accommodations that may address her accommodation needs before denying her reasonable accommodation request.

149. Defendant never had any communications with Plaintiff regarding alternatives to her accommodation request before denying her reasonable accommodation request.

150. Defendant never had any communications with Plaintiff regarding the difficulties that any potential accommodations may pose to Defendant before denying her reasonable accommodation request.

151. As a direct and proximate result of Defendant's unlawful discriminatory practices, Plaintiff has suffered, and continues to suffer, substantial losses, including but not limited to the loss of past and future earnings, compensation and benefits, increases, promotions, bonuses, and other employment benefits, for which she is entitled to an award of monetary damages which exceeds the jurisdictional limits of all lower courts, and other relief.

152.     As a direct and proximate result of Defendant's unlawful discriminatory practices, Plaintiff suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages in an amount to be determined at trial.

153.     As a direct and proximate result of Defendant's violations of the NYCHRL, N.Y.C. Admin. Code § 8-107 (28)(a)(1) and § 8-107 (28)(e), Plaintiff is entitled to declaratory and injunctive relief and Defendant is liable to Plaintiff for compensatory damages, including pain and suffering, and punitive damages in an amount to be determined at trial pursuant to N.Y.C. Admin. Code §8-502(a), and for costs and reasonable attorney's fees pursuant to N.Y.C. Admin. Code §8-502(g).


## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully stated here, and prays that the Court grant the following relief:

(a) Issue a declaratory judgment that the practices complained of in this Complaint are unlawful and violate Title VII of the Civil Rights Act, NYSHRL and NYCHRL;

(b) Require the Defendants to adopt hiring and employment policies that comply with Title VII, including their requirement that employers make reasonable accommodations to religious beliefs and practices in general and faith-based objections to vaccine objectors in particular and any other appropriate and legally permissible injunctive relief in accordance with proof;

(c) Award Plaintiff all appropriate and legally available monetary relief, including lost compensation and benefits, in an amount to be determined at trial to make her whole for the loss she suffered as a result of the unlawful conduct alleged in this Complaint;

(d) Award Plaintiff any interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest;

(e) Award compensatory damages to Plaintiff to fully compensate her for the pain, suffering, and other expenses caused by the harmful conduct alleged in this Complaint;

(f) An award to Plaintiff of compensatory damages for the Plaintiff's lost wages, back pay, front pay, overtime, and benefits, in an amount to be determined at trial;

(g) Award Plaintiff a reasonable amount of attorney's fees for the work of her attorneys in pursuit of this action and the protection of her rights;

(h) Award Plaintiff all costs, disbursements, and expenses she paid or that were incurred on her behalf;

(i) An award to Plaintiff for punitive damages in an amount to be determined at trial, in order to punish the Defendant's intentional unlawful discriminatory practices;

(j) Award such additional relief the Court deems just and proper; and

(j) Award any other relief as allowed by law.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues.

Dated: September 4, 2025

Respectfully submitted,


*/s/ James Mermigis*
_____
James G. Mermigis
The Mermigis Law Group, P.C.
85 Cold Spring Road, Suite 200
Syosset, New York 11791
516.353.0075
<u>james@MermigisLaw.com</u>