UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARON DAVIS,

                Plaintiff,

       – against –

NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION d/b/a
NEW YORK CITY HEALTH +
HOSPITALS,

                Defendant.

**<u>OPINION & ORDER</u>**

24-cv-03745 (ER)

<u>RAMOS</u>, D.J.:

Caron Davis brings suit against the New York City Health and Hospitals

Corporation d/b/a New York City Health + Hospitals ("H+H").  She alleges H+H

unlawfully discriminated against her due to a failure to accommodate on the basis of

religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), New York

State Human Rights Law ("NYSHRL"), and New York City Human Rights Law

("NYCHRL").  She also alleges disparate treatment on the basis of religion in violation

of Title VII and failure to engage in a cooperative dialogue in violation of NYCHRL.

Before the Court is a motion to dismiss the amended complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6).  For reasons set forth below, the motion is

GRANTED in part and DENIED in part.

## I.    BACKGROUND

### A.  Factual Background[1]

Davis worked for H+H for over 16 years and held the title of Coordinating

Manager in the Research Administration office under the Division of Medical and

---

[1]  The background is drawn from factual allegations in the amended complaint, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), documents attached to the complaint as exhibits, and documents incorporated by reference therein, *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  The Court accepts all well-pleaded factual allegations as true.  *Id.*

Professional Affairs when she was terminated on November 29, 2021.  Doc 1-2 at 1; Doc. 18 ¶ 4.  Davis worked in an office building and had never worked near patients.  *Id.* ¶ 19.  She had been working partially remotely for one full year prior to her termination.  *Id.*; Doc. 1-2 at 1.  H+H is a municipal corporation organized under New York State law.  Doc. 18 ¶ 11.

In response to the COVID-19 pandemic, New York State mandated all personnel of "covered entities," which included hospitals such as H+H, be vaccinated against COVID-19.  10 N.Y.C.R.R. § 2.61 (Aug. 26, 2021).  "Personnel" was defined to include all persons employed by a covered entity "who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease."  *Id.* § 2.61(a)(2).  Under this law, an employer could not *exempt* covered personnel with a conflicting religious belief from the vaccine mandate but had to provide an *accommodation*, such as employing the person in a way that removes them from the definition of personnel, if it would be reasonable to do so.  *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 368, 370 (2d Cir. 2021).

H+H implemented a mandatory COVID-19 vaccination policy effective September 27, 2021.  Doc. 18 ¶ 17.  Davis applied for a religious exemption from the vaccine mandate prior to the effective date of the policy on September 15, 2021, emailing H+H's Office of Equal Employment Opportunity.  Doc. 18 ¶ 18; Doc. 1-2 at 1.  Davis sought an exemption from the mandate because her "sincerely held religious beliefs as a Rastafarian required her to refuse the [COVID]-19 vaccines as well as all other vaccines."  Doc. 18 ¶ 5.  In her request, Davis also stated that she was already working remotely four days a week and in the office one day a week.  Doc. 1-2 at 1.  H+H did not dispute that Davis had a sincere religious belief but denied her request.  Doc. 18 ¶ 6.  Specifically, H+H stated the following:

> [H+H] has determined that the presence of unvaccinated staff at
> [H+H] work locations poses an undue burden and a direct threat to
> [H+H] staff and patients.  As such, your request for a reasonable

> accommodation was reviewed to determine whether an alternative reasonable accommodation is available. After a review of your job duties this Office has determined that there are no reasonable accommodations available which would permit you to perform your essential job functions.

Doc. 30-1 at 2. H+H, instead, approved a leave of absence without pay for Davis through November 26, 2021. *Id.* The only communication from H+H to Davis about the accommodation was the email rejecting the accommodation request. *Id.* ¶¶ 22–23. H+H then terminated Davis on November 29, 2021, based on her failure to comply with the vaccination requirement. Doc. 18 ¶¶ 4, 106; Doc. 1-3 at 1.

Davis alleges that she could have been accommodated by being permitted to work fully remotely. Doc. 18 ¶¶ 7–8. H+H provided Davis with a laptop, iPad, and cell phone, and she participated in meetings via Zoom or teleconference. Id. ¶¶ 7, 8, 20. While working remotely four days a week for one year before her termination, Davis received no complaints regarding her performance. Doc. 18 ¶¶ 9, 19. In fact, Davis was promoted over this period and continued to receive accolades for her work. *Id.* Other H+H employees that Davis worked with continued to work remotely. *Id.* ¶ 27.

### B. Procedural Background

After her termination, Davis filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, which issued a right-to-sue notice on April 15, 2024. Doc. 18 ¶ 14. Davis filed her initial complaint on May 15, 2024, and an amended complaint on September 4, 2025, both alleging violations of Title VII, NYSHRL, and NYCHRL. Doc. 18. On December 18, 2025, H+H filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 28.

## II.    LEGAL STANDARDS

### A. Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556).  However, this "flexible 'plausibility standard'" is not a heightened pleading standard, *In re Elevator Antitrust Litigation*, 502 F.3d 47, 50 n.3 (2d Cir. 2007) (internal quotation marks and citation omitted), and "a complaint . . . does not need detailed factual allegations" to survive a motion to dismiss, *Twombly*, 550 U.S. at 555.

The question on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995)).  "[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits."  *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (internal quotation marks and citations omitted).  Accordingly, when ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor.  *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014); *see also Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable . . . .").

## III.   DISCUSSION

Davis asserts claims based on three theories:  (1) religious discrimination based on a failure to accommodate, (2) religious discrimination based on disparate treatment, and (3) failure to engage in a cooperative dialogue.  H+H moves to dismiss the action for failure to state a claim pursuant to Rule 12(b)(6).

4

### A. Extrinsic Materials

As a preliminary matter, H+H urges the Court to consider two items that it attaches as exhibits to the instant motion: (1) a copy of the email rejecting the accommodation request and (2) a copy of Davis' job description as a Coordinating Manager. Doc. 29 at 10, 19. Additionally, Davis' amended complaint references a copy of her email requesting the exemption, which was attached as an exhibit in the original complaint but not the amended complaint. Doc. 18 ¶ 18.

In deciding a Rule 12(b)(6) motion, a court is "normally required to look only to the allegations on the face of the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). However, the court may also consider documents that are: (1) attached to the complaint, (2) incorporated by reference in the complaint, or (3) integral to the complaint. *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) (citing *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)).

Davis' email requesting the exemption is incorporated by reference in the amended complaint. Doc. 18 ¶ 18. Similarly, the email rejecting the request is incorporated by reference in the amended complaint. *Id.* ¶¶ 21, 22, 47, 67, 72, 92, 125. However, the amended complaint does not attach or reference the job description of a Coordinating Manager. Therefore, to be considered on a motion to dismiss, it must be integral to Davis' claims.

For a document to be integral, the complaint must do more than merely mention it. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559–60 (2d Cir. 2016). The complaint must "rel[y] heavily upon its terms and effect." *DiFolco*, 622 F.3d at 111 (2d Cir. 2010) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)). Davis alleges that she is "capable of performing the essential functions of her job through remote work or weekly testing." Doc. 18 ¶ 19. The description of the job is not integral to this claim, and Davis does not rely on the description of the specific job functions. So, it is not proper to consider this exhibit on a motion to dismiss.

5

H+H points to two cases, *Hommel v. City of Long Beach* and *Bobadilla v. New York City Health and Hospitals Corporation*, in support of its contention that this Court can consider the job description, Doc. 29 at 19, but neither are persuasive. First, in *Hommel*, the court considered the job description because it had determined that the resolution of the particular issue, regarding a First Amendment *Elrod-Branti* inquiry,[2] required an examination of the plaintiff's formal job responsibilities. *See Homell v. City of Long Beach*, No. 13-CV-3261 (ADS) (ARL), 2014 WL 1010654, at *3 (E.D.N.Y. Mar. 14, 2014). The claims in the instant case are not analogous to those. *Bobadilla* presents facts and allegations similar to the instant case, and the court did consider the job description. *Bobadilla v. New York City Health and Hospitals Corporation*, No. 22-CV-10594 (JGK), 2023 WL 7280478, at *4 (S.D.N.Y. Nov. 3, 2023). However, the court did not explain why it determined that it could consider the job description. While H+H makes conclusory statements that the job description definitively shows that Davis could not fulfill her job duties remotely, nowhere does it allege that the job description is integral to Davis' complaint. Doc. 29.

### B. Failure-To-Accommodate Claims Pursuant to Title VII, NYSHRL, and NYCHRL

Title VII provides that it is unlawful "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C § 2000e-2(a)(1). Religion is defined as "includ[ing] all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate . . . an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). To establish a *prima facie*

---

[2] The *Elrod-Branti* doctrine addresses whether public employees can be dismissed for their political views. It holds that if an employee's role is not confidential and does not relate to policymaking, a public employee cannot be fired solely based on political affiliation. *See Homell v. City of Long Beach*, No. 13-CV-3261 (ADS) (ARL), 2014 WL 1010654, at *2–3 (E.D.N.Y. Mar. 14, 2014).

case based on the failure to accommodate, an employee must contend that "(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." *Knight v. Connecticut Department of Public Health*, 275 F.3d 156, 167 (2d Cir. 2001) (citing *Philbrook v. Ansonia Board of Education*, 757 F.2d 476, 481 (2d Cir. 1985)).

There is no dispute that Davis both held a bona fide religious belief conflicting with the COVID-19 vaccine requirement and informed H+H of the conflicting belief when she requested the exemption. Doc. 1-2 at 1; Doc. 18 ¶ 21. Davis asserts that H+H terminated her employment because of her failure to comply with the vaccination requirement. *Id.* ¶ 30. Courts have consistently found that a plaintiff's allegation that he or she has been terminated for a failure take a required COVID-19 vaccine because of conflicting sincere religious belief is "sufficient to plead the final element of the *prima facie* case of religious discrimination for failure to accommodate." *Mumin v. City of New York*, 760 F. Supp. 3d 28, 46 (S.D.N.Y. 2024) (quoting *Jackson v. N.Y. State Office of Mental Health*, No. 23-cv-04164 (JMA), 2024 WL 1908533, at *6 (E.D.N.Y. May 1, 2024)); *see also Algarin v. NYC Health + Hospitals Corp.*, 678 F. Supp. 3d 497, 509 (S.D.N.Y. 2023), *aff'd sub nom. Algarin v. New York City Health & Hospitals Corp.*, No. 23-1063, 2024 WL 1107481 (2d Cir. Mar. 14, 2024). Therefore, Davis has established a *prima facie* case pursuant to Title VII. The burden then shifts to H+H to prove "undue burden." *Knight*, 275 F.3d at 167 (citing *Philbrook*, 757 F.2d at 481).

Undue burden is an affirmative defense. *Rizzo v. New York City Department of Sanitation*, No. 23-CV-7190 (JMF), 2024 WL 3274455, at *3 (S.D.N.Y. July 2, 2024). "An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) . . . if the defense appears on the face of the complaint." *Iowa Public Employees' Retirement System v. MF Global, Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998)). The

Supreme Court clarified that the standard for an "undue burden" requires a burden to be "substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023).

Even so, courts have routinely found that an employer faces undue hardship when the requested accommodation would require an employer to violate a law. *D'Cunha v. Northwell Health Systems*, No. 23-476-CV, 2023 WL 7986441, at *3 (2d Cir. Nov. 17, 2023) ("Our conclusion is consistent with the Supreme Court's clarification of the 'undue hardship' standard in *Groff* because the burden placed on an employer from violating a state law . . . is both 'excessive' and 'unjustifiable.'" (quoting *Groff*, 600 U.S. at 469)). H+H contends that approving Davis' exemption would have required the hospital to violate the law mandating all personnel of covered entities be vaccinated against COVID-19.  Doc. 29 at 16.  It is undisputed that H+H qualifies as a covered entity pursuant to § 2.61.  If H+H granted Davis' request for an exemption from the vaccine requirement, she would have remained within the definition of personnel because she would still be in the office once a week and could potentially expose others if she were infected.  Doc. 1-2 at 1.  Therefore, H+H could not have provided Davis her requested accommodation, a complete exemption, without running afoul § 2.61 and facing undue hardship.  *See Greenberg v. Visiting Nurse Services in Westchester, Inc.*, No. 23-CV-4252 (KMK), 2024 WL 4252550, at *7 (S.D.N.Y. Sept. 19, 2024) (determining that an employer, a healthcare provider, would face undue burden because it was clear from the complaint that the employee qualified as personnel and the employer was a covered entity); *Conde v. Mid Hudson Regional Hospital Medical Center*, No. 22-CV-3085 (VB), 2024 WL 168282, at *8 (S.D.N.Y. Jan. 12, 2024) (determining that an employer, a hospital, would face undue burden because the employee was covered under the definition of personnel).

However, Davis alleges that she could have been accommodated by being allowed to work fully remotely.  Doc. 18 ¶ 8.  Had Davis been permitted to work fully

remotely, she would no longer fall within the definition of personnel because she would not be exposed to other employees or patients, and H+H could have accommodated her religious belief without violating § 2.61. In *We The Patriots II*, the Second Circuit made clear that an employer may accommodate, rather than exempt, employees "by employing them in a manner that removes them from the . . . definition of 'personnel.'" 17 F.4th at 370. In her accommodation request, Davis only requested an exemption from the vaccine mandate, not to work remotely. Doc. 1-2 at 1. H+H contends that since Davis failed to make this request, the Court should not consider this possibility. Doc. 29 at 17.

Davis was not required to request a specific accommodation; rather, the employer, "once notified [of a conflicting sincere religious belief], must offer the aggrieved employee a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship." *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002). The Supreme Court addressed this question in *Groff*, holding: "Title VII requires that an employer 'reasonably accommodate' an employee's practice of religion, not merely that it assess the reasonableness of a particular possible accommodation or accommodations. . . . Consideration of other options [is also] necessary." 600 U.S. at 473.

Following *Groff*, many district courts, but not all, have considered possible alternative reasonable accommodations for healthcare employees, even if the employee did not specifically request them. *Compare Conde*, 2024 WL 168282, at *8 (in which the court considered alternative accommodations notwithstanding the plaintiff's failure to allege that she sought anything more than a "blanket exemption" from the vaccine mandate); *Brown v. South Shore University Hospital*, 762 F. Supp. 3d 191, 213–14 (E.D.N.Y. 2025) (in which the court cited *Groff* and considered alternative accommodations, including whether the plaintiff's "employment responsibilities could be performed remotely"); *and Greene v. Northwell Health Inc.*, No. 2:23-CV-4846 (NJC) (LGD), 2024 WL 4287875, at *17 (E.D.N.Y. Sept. 25, 2024) (in which the court

9

considered the possibility of remote work despite the employee failing to allege in actuality and in the complaint that she could have worked remotely); *with Greenberg*, 2024 WL 4252550, at *9 (dismissing an employee's assertion that she could have worked remotely because she never actually made that accommodation request); *Bartholomew v. Mount Sinai West*, No. 23-CV-3854 (PKC) (JRC), 2025 WL 2772911, at *4–5 (E.D.N.Y. Sept. 26, 2025) (same).[3]

Although the courts that considered alternatives ultimately dismissed the failure-to-accommodate claims, Davis' situation is distinguishable because the possibility that she could work fully remotely was a readily available plausible accommodation. Doc. 18 ¶ 7. In these cases, it was clear that the employee qualified as covered personnel and could not have plausibly worked fully remotely. *See Conde*, 2024 WL 168282, at *8 (in which the employee was a "patient-facing nurse"); *Brown*, 762 F. Supp. 3d at 213–14 (in which the employee was a "public-facing . . . Respiratory Therapist"); *Greene*, 2024 WL 4287875, at *4 (in which the employee provided "direct patient care and/or [had] direct contact with the general public"). In the instant dispute, Davis worked remotely four out of five days, Doc. 1-2 at 1, and she never worked with patients, Doc. 18 ¶ 7. Davis also clearly states in her amended complaint that she could have worked fully remotely. *Id.* Unlike the other cases, Davis plausibly could have worked entirely remotely, which would have allowed her to remain working without violating the law.

H+H claims that permitting Davis to work fully remotely would also have caused them an undue burden. Doc. 29 at 19. To support this proposition, H+H points to the job description of a Coordinating Manager. *Id.* However, to be successful on a 12(b)(6) motion to dismiss, the affirmative defense that remote work would also cause an undue burden must "appear[] on the face of the complaint." *Iowa Public Employees' Retirement*

---

[3] *Greenberg* and *Bartholomew* are distinguishable because they did not grapple with the Supreme Court's guidance in *Groff* that "Title VII requires that an employer 'reasonably accommodate' an employee's practice of religion, *not merely that it assess the reasonableness of a particular possible accommodation or accommodations*." 600 U.S. at 473 (emphasis added).

*System*, 620 F.3d at 145. Davis does not incorporate the document describing her job descriptions "on the face of the complaint," so it is not proper to consider the description on a motion to dismiss.

Davis has sufficiently established a *prima facie* case for unlawful discrimination due to a failure to accommodate a sincere religious belief in violation of Title VII, and it is not apparent "on the face of the complaint" that H+H would have faced an undue burden by granting the accommodation. While it is possible that H+H may be able to establish undue burden after discovery, taking Davis' factual allegations in the complaint to be true, she has sufficiently stated a claim pursuant to Title VII.

Both NYSHRL and NYCHRL contain similar language regarding an employer's duty to accommodate sincere religious beliefs. N.Y. Executive Law § 296(10)(a); N.Y.C. Admin. Code § 8-107(3)(a). State lawmakers have instructed that NYSHRL is to be construed liberally . . . regardless of whether federal civil rights laws . . . have been so construed." N.Y. Exec. Law § 300. Similarly, city lawmakers have instructed that NYCHRL "be construed liberally … regardless of whether federal or New York state civil and human rights laws … have been so construed." N.Y.C. Admin. Code § 8-130(a). "Discrimination claims brought under the NYSHRL and NYCHRL are also subject to the same analytical framework." *Chowdhury v. Department of Housing Preservation & Development*, No. 24-CV-0182 (ER), 2025 WL 722811, at *6 (S.D.N.Y. Mar. 6, 2025) (citing *Mitchell v. New York City Department of Education*, 20 Civ. 1555 (PGG), 2022 WL 621956, at *5 (S.D.N.Y. Mar. 3, 2022)).

To establish a *prima facie* case pursuant to NYSHRL and NYCHRL, "the plaintiff must prove: (1) he has a bona fide religious belief that conflicts with an employment requirement, (2) he informed the employer of the belief, and (3) he was disciplined for failure to comply with the requirement.'" *Corrales v. Montefiore Medical Center*, No. 22-CV-3219 (LAP), 2023 WL 2711415, at *8 (S.D.N.Y. Mar. 30, 2023) (quoting *White v.*

11

*Andy Frain Services, Inc.*, 629 F. App'x 131, 134 (2d Cir. 2015)).  For the same reasons as discussed above, Davis has sufficiently pleaded these elements.

NYSHRL, much like Title VII, permits employers to deny a request for a religious accommodation if, "after engaging in a bona fide effort, the employer demonstrates that it is unable to reasonably accommodate the employee's or prospective employee's sincerely held religious observance or practice without undue hardship on the conduct of the employer's business."  N.Y. Exec. Law § 296(10)(a).  The NYCHRL provides that an employer must make a "reasonable accommodation," N.Y.C. Admin. Code § 8-107(3)(a), which is defined as one which does "not cause undue hardship in the conduct of the employer's business," N.Y.C. Admin. Code § 8-107(3)(a–b).  As discussed above, it is not apparent "on the face of the complaint" that H+H would have faced an undue burden or hardship by employing Davis remotely.

Therefore, Davis has sufficiently pleaded factual allegations in the complaint to state claims pursuant to Title VII, NYSHRL, and NYCHRL.

### C.  Disparate Treatment Claim Pursuant to Title VII

H+H contends that Davis has abandoned her disparate treatment claim by failing to address it in the Opposition.  Doc. 32 at 5.  Typically, "when a plaintiff fails to address a defendant's arguments on a motion to dismiss a claim, the claim is deemed abandoned, and dismissal is warranted on that ground alone."  *Volunteer Fire Association of Tappan, Inc. v. County of Rockland*, No. 09-CV-4622 (CS), 2010 WL 4968247, at *7 (S.D.N.Y. Nov. 24, 2010); *see also Hanig v. Yorktown Central School District*, 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) (finding that since the "plaintiff did not address defendant's motion to dismiss with regard to [a] claim, it is deemed abandoned and is hereby dismissed").  Davis failed to address H+H's arguments regarding disparate treatment in its Opposition.  *See generally* Doc. 31.

Davis' disparate treatment claim is deemed abandoned and dismissed with prejudice.  *See Farag v. XYZ Two Way Radio Service, Inc.*, No. 22-1795, 2023 WL

2770219, at *2 (2d Cir. Apr. 4, 2023) (affirming the dismissal of an abandoned claim with prejudice).

### D. Failure to Engage in a Cooperative Dialogue Claim Pursuant to NYCHRL

H+H similarly contends that Davis has abandoned her failure to engage in a cooperative dialogue claim by failing to address it in the Opposition. Doc. 32 at 5–6. However, as H+H recognizes, Davis did maintain this claim, even if in a cursory manner by asserting that H+H failed to engage in "any sort of interactive process." Doc. 31 at 5–6. Therefore, Davis did not abandon this claim.

NYCHRL states: "The determination that no reasonable accommodation would enable the person requesting an accommodation to satisfy the essential requisites of a job or enjoy the right or rights in question may only be made after the parties have engaged, or the covered entity has attempted to engage, in a cooperative dialogue." N.Y.C. Admin. Code § 8-107(28)(e). "[A] failure to engage in the interactive process is independently actionable as a separate claim under the NYCHRL . . . ." *Greenbaum v. New York City Transit Authority*, No. 21-1777, 2022 WL 3347893, at *5 (2d Cir. Aug. 15, 2022).

A cooperative dialogue requires the two parties to "engage in good faith in a written or oral dialogue concerning the person's accommodation needs; potential accommodations that may address the person's accommodation needs, including alternatives to a requested accommodation; and the difficulties that such potential accommodations may pose for the covered entity." N.Y.C. Admin. Code § 8-102. "The interactive process continues until, if possible, an accommodation reasonable to the employee and employer is reached." *Hosking v. Memorial Sloan-Kettering Cancer Center*, 126 N.Y.S.3d 98, 102 (1st Dep't 2020). "Such a process 'may involve meeting with the employee who requests an accommodation, requesting information about the condition and what limitations the employee has, asking the employee what he or she specifically wants, showing some sign of having considered the employee's request, and

13

offering and discussing available alternatives when the request is too burdensome.'" *Balchan v. New York City Housing Authority*, No. 21-CV-10326 (JGK), 2025 WL 588021, at *9 (S.D.N.Y. Feb. 24, 2025) (quoting *Elmessaoudi v. Mark 2 Restaurant LLC*, No. 14-cv-4560, 2016 WL 4992582, at *8 (S.D.N.Y. Sept. 15, 2016)).

While there is not a specific threshold an employer must surpass, the employer must review accommodation requests in good faith and have an interactive process of review. *See, e.g.*, *Baker v. Bridge Inc.*, 805 F. Supp. 3d 521, 549 (S.D.N.Y. 2025) (determining that an employer need only engage in an "interactive process" and "good faith dialogue" to satisfy the cooperative dialogue requirement); *Balchan*, 2025 WL 588021, at *9 (finding that no reasonable jury could conclude that the employer failed to engage in a cooperative dialogue because "[t]he record shows that HR considered the [employee's] accommodation request in good faith" by consulting with the employee to understand his job functions, granting a modified version of the request, and permitting some remote work); *Heiden v. New York City Health & Hospitals Corp.*, No. 20-CV-10288 (LJL), 2023 WL 171888, at *33–34 (S.D.N.Y. Jan. 11, 2023) (finding that a reasonable jury could conclude that the employer did not engage in good faith based on evidence that the employer "immediately rejected" the accommodation request without referring to the basis for the request, potential accommodations, or difficulties associated with any accommodations). Additionally, an employee is not entitled to all the dialogue he or she may desire. *Carbone v. City of New York*, No. 25-CV-2368 (JGK), 2025 WL 3206658, at *9 (S.D.N.Y. Nov. 17, 2025) (granting a motion to dismiss where the employee alleged "he was entitled to more dialogue and closer consideration," despite having gone through a formal request process). And, the "NYCHRL does not require an employer to 'give the employee what the employee is demanding.'" *Balchan*, 2025 WL 588021, at *9 (quoting *Hosking*, 126 N.Y.S.3d at 104).

In this instance, H+H argues that this claim should be dismissed because Davis' allegations that H+H failed to engage in the requisite dialogue are inconsistent with other

14

allegations in the amended complaint and do not sufficiently allege that H+H did not meet the requirements of NYCHRL.  Doc. 29 at 23–24.  H+H contends that they did engage in a cooperative dialogue because Davis had information about the request process, made a request, and H+H determined, by reference to her job duties, that there were no reasonable accommodations that would allow Davis to fully perform her essential job functions.  *Id.*

However, even if an employer appropriately determines that there is no reasonable accommodation for the employee, the employer "cannot jump to that ultimate conclusion without first engaging in a good faith interactive process with [the employee]."  *Hosking*, 126 N.Y.S.3d at 105 (citing *Jacobsen v. New York City Health & Hospitals Corp.*, 988 N.Y.S.2d 86, 97 (2014)).  In *Carbone*, which H+H cites, the dialogue did not end after the initial rejection; instead, the employer and employee further engaged in an administrative appeals process, which the employer informed the employee about in its denial letter.  2025 WL 3206658, at *8 (citing *Marsteller v. City of New York*, 192 N.Y.S.3d 18, 20 (1st Dep't 2023)).

In this instance, H+H put Davis on a leave of absence in the email rejecting her accommodation request, Doc. 30-1 at 2, and nothing in the complaint or incorporated materials indicates that any appeals process or further dialogue was offered to or available to her, Doc. 18.  Furthermore, Davis alleges that H+H never had any communication with her about possible alternative accommodations or the burden posed by different accommodations before denying her request.  *Id.* ¶¶ 148–50.

Therefore, Davis has sufficiently pleaded factual allegations in the complaint to state a claim for failure to engage in a cooperative dialogue.

## IV.  CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED in part and DENIED in part.  Davis' failure to accommodate claims pursuant to Title VII, NYSHRL, and NYCHRL are not dismissed.  Davis' disparate treatment claim pursuant to Title VII

is deemed abandoned and dismissed with prejudice.  Her failure to engage in a cooperative dialogue claim pursuant to NYCHRL is not dismissed.  The parties are directed to appear for a conference on July 16, 2026, at 11:00 a.m., in Courtroom 619 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007.  The Clerk of the Court is respectfully directed to terminate the motion, Doc. 28.

It is SO ORDERED.

Dated:    June 29, 2026
          New York, New York

_____
          EDGARDO RAMOS, U.S.D.J.

16